# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT F. GOLDWIRE,**

    **Plaintiff,**

                                                         Civil Action 2:17-cv-64
                                                        Judge Michael H. Watson

    v.                                     Magistrate Judge Chelsey M. Vascura

**GARY MOHR,** *et al.***,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This action is before the Court to consider Plaintiff's Motions to Appoint Counsel (ECF No. 5) and to Clarify (ECF No. 20). On December 29, 2016, Robert F. Goldwire, an inmate who is proceeding without the assistance of counsel, filed a motion for leave to proceed *in forma pauperis* and a document entitled "Order to Show Cause for an Preliminary Injunction & Temporary Restraining Order." (ECF No. 1). Construing the second document as a complaint, the Court granted Mr. Goldwire's motion for leave to proceed *in forma pauperis.* On April 27, 2017, most of the individuals and entities whom Mr. Goldwire had identified as defendants in his motion for leave to proceed *in forma pauperis* joined in a motion to dismiss. (ECF No. 14.) On the next day, Mr. Goldwire filed a document that he clearly intended as a complaint in this action. (ECF No. 15.) Because the Court had construed Mr. Goldwire's initial filing as a complaint, the Clerk docketed the April 28 document as an amended complaint.

After all parties named as defendants in the April 28 complaint had answered, Mr. Goldwire filed the Motion to Clarify (ECF No. 20) in which he states that his initial filing was

not a complaint but a motion for a preliminary injunction and that he intended the April 28 document to be his initial complaint in this matter. The distinction is important because Mr. Goldwire acknowledges that he had not exhausted administrative remedies related to his claims when he filed the motion for leave to proceed *in forma pauperis* and the attached motion for equitable relief. He contends that he had exhausted those remedies by the time he filed the April 28 document.

Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." In the absence of a properly-filed complaint, a federal district court lacks jurisdiction to consider a request for equitable relief. *See, e.g., Lowenthal v. Massachusetts*, No. 14-13631, 2014 WL 5285615, at *3 (D. Mass. Oct. 14, 2014); *PK Family Rest. v. IRS*, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982). This action was, therefore, subject to dismissal without prejudice from the time of the initial filing for failure to file a complaint.

Had the Court understood when Mr. Goldwire attempted to commence this action that the initial filing was a motion for equitable relief and not a complaint, the Court would likely have afforded Mr. Goldwire a period of time to correct the deficiency by filing a complaint. The Court would have construed that complaint as part of the initial filing, and the Court would have screened that complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A. As a result of Mr. Goldwire's Motion to Clarify, however, the Court now knows that any complaint that Mr. Goldwire would have filed in response to the Court's directive at the outset of this action would have been subject to dismissal without prejudice for failure to exhaust administrative remedies. Therefore, this action would have been subject to dismissal without prejudice from the outset, whether or not the Court had permitted Plaintiff to file a complaint.

Because Plaintiff did not properly commence an action as provided in Rule 3 and because he could not have done so at the time of his initial filing, this Court has no choice but to dismiss this action without prejudice. It is therefore **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion to Clarify (ECF No. 20) and **DISMISS THIS ACTION WITHOUT PREJUDICE**. Thus, Plaintiff's Motion to Appoint Counsel is **DENIED** as **MOOT**. (ECF No. 5.) It is further **RECOMMENDED** that Plaintiff be **DIRECTED** to identify this action as a related case in any new action based on the events alleged in the document that he filed on April 28 in this action.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE