# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Robert F. Goldwire,

    Plaintiff,

v.

Gary Mohr, *et al.*,

    Defendants.

Case No. 2:17-cv-64

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Magistrate Judge Vascura, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending the Court grant Plaintiff's motion to clarify, ECF No. 20, and dismiss this *pro se* prisoner civil rights case without prejudice. R&R, ECF No. 29.

Plaintiff filed what is listed on the docket as a Complaint, ECF No. 4, and what is listed on the docket as an Amended Complaint, ECF No. 15, and then filed a motion to clarify, ECF No. 20. The motion to clarify states that ECF No. 4 was improperly listed on the docket as a Complaint. Plaintiff explains that he intended ECF No. 4 to operate as a motion for a preliminary injunction and temporary restraining order ("TRO") and that said motion is separate from his Complaint, which appears as ECF No. 15 (and which, according to Plaintiff, is incorrectly described as an *amended* complaint). Plaintiff's motion to clarify asks that the docket entries be changed to reflect that ECF No. 4 is a motion and ECF No. 15 is an original Complaint. Mot. Clarify 1, ECF No. 20. The motion also

states that Plaintiff was still exhausting his administrative grievances when he filed his motion, ECF No. 4, but that he had exhausted said administrative grievances by the time he filed his Complaint, ECF No. 15. *Id.* at 2.

Magistrate Judge Vascura's R&R accurately summarized the aforementioned. R&R 1–2, ECF No. 29. It further explained that Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court" and that, absent a properly-filed complaint, a federal district court lacks jurisdiction to consider requests for equitable relief. *Id.* at 2 (citations omitted). Accordingly, the R&R explained, because Plaintiff initiated this suit in December of 2016 with a motion for preliminary injunction and TRO but no complaint, this action was subject to dismissal without prejudice from the outset for lack of jurisdiction. *Id.* Further, the R&R explained that the Court would likely have granted Plaintiff an opportunity to cure the defect by filing a complaint, had it been clear at the outset that ECF No. 4 was a motion rather than a complaint. *Id.* But, the R&R continued, Plaintiff's motion to clarify, ECF No. 20, makes clear that Plaintiff had not exhausted his administrative remedies at the time he filed his motion for preliminary injunction and TRO. *Id.* Thus, the R&R concluded, any complaint that Plaintiff would have filed in an effort to cure his defect of failing to open this case with a complaint would have itself been subject to dismissal without prejudice for failure to exhaust administrative remedies. *Id.* Therefore, the R&R concluded that because the case was subject to dismissal without prejudice whether or not Plaintiff would have been permitted

to file a complaint at the outset of the case, it had no choice but to recommend the Court dismiss the case without prejudice. *Id.* at 3. Plaintiff timely objected.

Magistrate Judge Vascura issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff contends in his objection that Federal Rule of Civil Procedure 3 does not apply to his initial motion for preliminary injunction and TRO because that motion was filed pursuant to Federal Rule of Civil Procedure 65 (which governs injunctions and restraining orders). Obj. 2, ECF No. 4. Plaintiff construes the R&R as holding that Plaintiff should have filed a complaint before filing his motion for preliminary injunction and TRO and states that "this doesn't seem correct." Obj. 3, ECF No. 4. He contends the Court has jurisdiction over this case based on the location of the alleged constitutional violation. *Id.*

Plaintiff's objection is not well taken. The R&R correctly explained that every lawsuit must be initiated by the filing of a complaint. Fed. R. Civ. P. 3. This is true even where a plaintiff seeks equitable relief such as through a motion for a preliminary injunction or TRO. *See, e.g., Powell v. Rios*, 241 F. App'x 500, 505 n.4 ("Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." (citations omitted)). Moreover, Plaintiff cannot file a

complaint in this case until he has exhausted his administrative remedies with respect to the subject of the complaint. 42 U.S.C. § 1997e(a).

Plaintiff's contention that the Court has jurisdiction over this case due to the location of the injury confuses the concept of jurisdiction with that of venue. That an injury occurred in the Southern District of Ohio does not itself confer *jurisdiction* in this Court.

Moreover, Plaintiff references Southern District of Ohio Local Rule 65. That rule's requirement that motions for preliminary injunctions or TROs be made in pleadings separate from the complaint does not change the fact that a civil action is commenced with the filing of a complaint. It simply further directs that any plaintiff who has initiated a case through the proper filing of a complaint may move for a preliminary injunction or TRO only by then filing a separate motion and may not include the requests for preliminary injunction or TRO as part of the complaint. S.D. Ohio Local R. 65(b). Plaintiff's objection is therefore **OVERRULED**.

At bottom, Plaintiff attempted to initiate this lawsuit with the filing of only a motion, which is insufficient. Fed. R. Civ. P. 3. Moreover, he has made clear that, as of the initiation of the suit, he had not exhausted his administrative remedies. Mot. Clarify, ECF No. 20. Accordingly, the Court lacked jurisdiction at the time this suit was initiated, even if Plaintiff had filed a complaint at that time. Accordingly, the Court **ADOPTS** the R&R, **GRANTS** Plaintiff's motion to clarify, ECF No. 20, and **DISMISSES THIS CASE WITHOUT PREJUDICE**. However,

the Court concludes that, had Plaintiff's motion for preliminary injunction and TRO been properly docketed as such, this case would have likely been dismissed for the reasons addressed above prior to the assessment of any filing fee. Accordingly, the Court exercises its discretion and **WAIVES** the remainder of any filing fee due in *this case*. Moreover, if Plaintiff chooses to re-file a separate case, any payments made heretofore on the filing fee assessed in Case No. 2:17-cv-64 shall be applied to any filing fee eventually assessed in the separate case. Plaintiff is further **DIRECTED** to identify this action as a related case in any new action based on the events alleged in the document that he filed as ECF No. 15 in this case.

    **IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**